1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| MARK LEON PEREZ, | Case No. 1:14-CV-00293-SMS  HC |
| Petitioner, | ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO FILE A FIRST AMENDED PETITION NO LATER THAN THIRTY DAYS AFTER THE DATE OF SERVICE OF THIS ORDER (DOC. 1). |
| v. | |
| GARY SWARTHOUT, WARDEN, | |
| Respondent. | ORDER DIRECTING THE CLERK TO SEND TO PETITIONER WITH THIS ORDER A FORM PETITION PURSUANT TO 28 U.S.C. § 2254 |

10

11

12

13

14

15

16

17

18

Petitioner Mark Leon Perez is a state prisoner proceeding *pro se* and *in forma pauperis* with

19

a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. 636(c)(1),

20

Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all

21

further proceedings in the case, including the entry of final judgment, by manifesting his consent in a

22

writing signed by Petitioner and filed by Petitioner on March 14, 2014.  Pending before the Court is

23

the petition, filed on March 3, 2014 (Doc. 1).

24

## DISCUSSION

25

### I.      Screening the Petition

26

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas

27

Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus.

28

1

1    The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any

2    attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4;

3    *O'Bremski v. Maass,* 915 F.2d 418, 420 (9th Cir. 1990); see also *Hendricks v. Vasquez,* 908 F.2d 490

4    (9th Cir. 1990).

5        Habeas Rule 2(c) requires that a petition (1) specify all grounds of relief available to the

6    Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested.  Notice

7    pleading is not sufficient; rather, the petition must state facts that point to a real possibility of

8    constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; *O'Bremski v. Maass,* 915

9    F.2d at 420 (quoting *Blackledge v. Allison,* 431 U.S. 63, 75 n. 7, 97 S.Ct. 1621, 52 L.Ed.2d 136

10   (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to

11   summary dismissal. *Hendricks v. Vasquez,* 908 F.2d at 491.  Further, the Court may dismiss a

12   petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the

13   respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory

14   Committee Notes to Habeas Rule 8, 1976 Adoption; *See Herbst v. Cook,* 260 F.3d 1039, 1042–43

15   (9th Cir. 2001).  A petition for habeas corpus should not be dismissed without leave to amend unless

16   it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson,*

17   440 F.2d 13, 14 (9th Cir. 1971).

18       Here, Petitioner alleges that he is an inmate of California Correctional Center in Susanville,

19   California, who on or about February 22, 2011, was sentenced to the aggregate term of six years as

20   follows for: first degree residential burglary, with the special allegation that the residence was

21   occupied during the commission of the offense (four years, the midterm); unlawfully taking or

22   driving an automobile (a consecutive term of eight months, one-third the midterm); and another

23   residential burglary (a consecutive term of one year four months, one-third the midterm). *See*

24   *People v. Perez*, F061961, 2012 WL 1594267 (Cal. Ct. App. May 8, 2012) reh'g denied (June 7,

25   2012), review denied (Aug. 8, 2012).

Petitioner challenges the duration of his confinement, alleging that the trial court improperly imposed consecutive sentences for count I (burglary), and count II (unlawfully taking or driving the automobile from the garage at the same residence).  Petitioner argues that count II should have been stayed pursuant to section 654 because both crimes were committed incident to one objective. The state trial court considered the section 654 issue and concluded that section 654 did not apply to his sentences.  *See People v. Perez*, Superior Court of California Case No. F09903722.  Petitioner filed a petition in state court for a writ of habeas corpus asserting the same argument as he does here, arguing that the State violated his Fourteenth Amendment rights and that "[t]here is no evidence in the record that there was a separate intent or objective to the theft of the automobile and the burglary, where the automobile was taken from the house during the same burglary."  The Court of Appeal affirmed the trial court.  *See People v. Perez*, F061961, 2012 WL 1594267 (Cal. Ct. App. May 8, 2012), reh'g denied (June 7, 2012), review denied (Aug. 8, 2012).  Although review by the California Supreme Court seemingly was denied on August 8, 2012, Petitioner answered "No" as to whether he has raised this claim in a Petition for Review to the California Supreme Court.  *See* Petition (Doc. 1 at 5).

**II.      Failure to Exhaust State Court Remedies**

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  *See, e.g., Coleman v. Thompson,* 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Rose v. Lundy,* 455 U.S. 509, 518, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Buffalo v. Sunn,* 854 F.2d 1158, 1162–63 (9th Cir. 1988).  A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available.  *Picard v. Connor,* 404 U.S.

3

270, 275–76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Johnson v. Zenon,* 88 F.3d 828, 829 (9th Cir.

1996).  A federal court will find that the highest state court was given a full and fair opportunity to

hear a claim if the petitioner has presented the highest state court with the claim's factual and legal

basis. *Duncan v. Henry,* 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (legal basis);

*Kenney v. Tamayo–Reyes,* 504 U.S. 1, 9–10, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992), *superseded by*

*statute as stated in Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)

(factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a

federal constitutional claim.  *Duncan,* 513 U.S. at 365–66; *Lyons v. Crawford,* 232 F.3d 666, 669

(9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); *Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th

Cir. 1999); *Keating v. Hood,* 133 F.3d 1240, 1241 (9th Cir. 1998).  In *Duncan,* the United States

Supreme Court reiterated the rule as follows:

> In *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 ... (1971), we said that
> exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the
> state courts in order to give the State the "'opportunity to pass upon and correct' alleged
> violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state
> courts are to be given the opportunity to correct alleged violations of prisoners' federal rights,
> they must surely be alerted to the fact that the prisoners are asserting claims under the United
> States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state
> court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he
> must say so, not only in federal court, but in state court.

*Duncan,* 513 U.S. at 365–366.

The Ninth Circuit examined the rule further in *Lyons v. Crawford,* 232 F.3d 666, 668–69 (9th

Cir. 2000), as amended by *Lyons v. Crawford,* 247 F.3d 904, 904–05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal
> claims in state court unless he specifically indicated to that court that those claims were
> based on federal law. *See Shumway v. Payne,* 223 F.3d 982, 987–88 (9th Cir. 2000).  Since
> the Supreme Court's decision in *Duncan,* this court has held that the petitioner must make the
> federal basis of the claim explicit either by citing federal law or the decisions of federal
> courts, even if the federal basis is "self-evident," *Gatlin v. Madding,* 189 F.3d 882, 889 (9th
> Cir. 1999) (citing *Anderson v. Harless,* 459 U.S. 4, 7, 103 S.Ct. 276, 74 L.Ed.2d 3 ... (1982),
> or the underlying claim would be decided under state law on the same considerations that
> would control resolution of the claim on federal grounds, *See e.g., Hiivala v. Wood,* 195 F.3d

1

1098, 1106–07 (9th Cir. 1999); *Johnson v. Zenon,* 88 F.3d 828, 830–31 (9th Cir. 1996); *Crotts*, 73 F.3d at 865.

2

3

4

In *Johnson,* we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

5

*Lyons v. Crawford,* 232 F.3d 666, 668–69 (9th Cir. 2000), as amended by *Lyons v. Crawford,* 247

6

F.3d 904, 904–05 (9th Cir. 2001).

7

Where none of a petitioner's claims has been presented to the highest state court as required

8

by the exhaustion doctrine, the Court must dismiss the petition.  *Raspberry v. Garcia,* 448 F.3d

9

1150, 1154 (9th Cir. 2006); *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001).  The authority of a

10

court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not

11

been extended to petitions that contain no exhausted claims. *Raspberry,* 448 F.3d at 1154.

12

13

Here, Petitioner concedes that he has not pursued review of his habeas petition in the

14

California Supreme Court.  However, it is unclear whether that information is accurate.  *See People*

15

*v. Perez*, F061961, 2012 WL 1594267 (Cal. Ct. App. May 8, 2012), reh'g denied (June 7, 2012),

16

review denied (Aug. 8, 2012).

17

Although non-exhaustion of state court remedies has been viewed as an affirmative defense,

18

it is established that it is the petitioner's burden to prove that state judicial remedies were properly

19

20

exhausted.  28 U.S.C. § 2254(b)(1)(A); *Darr v. Burford,* 339 U.S. 200, 218–19, 70 S.Ct. 587, 94

21

L.Ed. 761 (1950), *overruled in part on other grounds* in *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9

22

L.Ed.2d 837 (1963); *Cartwright v. Cupp,* 650 F.2d 1103, 1104 (9th Cir. 1981).  If available state

23

court remedies have not been exhausted as to all claims, a district court must dismiss a petition.

24

*Rose v. Lundy,* 455 U.S. 509, 515–16, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

25

As a result, Petitioner's petition may be premature because Petitioner admits that he has not

26

27

obtained a decision from the California Supreme Court and has not submitted his claim or claims to

28

the California Supreme Court for a ruling.  Generally, a state prisoner is barred from obtaining

5

1

2

3

4

federal habeas relief unless the prisoner has properly presented his or her claims through one "complete round of the State's established appellate review process." *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S. Ct. 2378, 2386-87, 165 L. Ed. 2d 368 (2006) (quoting *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999)) (alteration in original).

5

6

7

8

Petitioner has failed to clearly allege exhaustion of state court remedies.  However, the Court concludes that Petitioner should have the opportunity to inform the Court of his efforts to exhaust state court remedies in an amended petition.

9

**III.     Naming a Proper Respondent**

10

11

12

Petitioner named Gary Swarthout, Warden, as respondent.  The official website of the California Department of Corrections and Rehabilitation (CDCR) reflects that the warden of the California Correctional Center, where Petitioner is incarcerated, is B. Gower.[1]

13

14

15

16

17

18

19

20

21

22

23

A petitioner who is seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him or her as the respondent to the petition.  Habeas Rule 2(a); *Ortiz Sandoval v. Gomez,* 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. California Supreme Court,* 21 F.3d 359, 360 (9th Cir.1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner and thus can produce the petitioner.  *Brittingham v. United States,* 982 F.2d 378, 379 (9th Cir.1992); *see also, Stanley v. California Supreme Court,* 21 F.3d at 360. However, the chief officer in charge of state penal institutions, such as the Secretary of the CDCR, is also appropriate. *Ortiz–Sandoval,* 81 F.3d at 894; *Stanley,* 21 F.3d at 360.

24

25

26

27

28

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official websites.  Fed.R.Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993); *Daniels–Hall v. National Education Association,* 629 F.3d 992, 999 (9th Cir. 2010). The address of the official website for the CDCR is http://www.cdcr.ca.gov (accessed June 5, 2014).

1
2
3
4
5
6
7
8
9
10

Petitioner's failure to name a proper respondent may require dismissal of his habeas petition for a failure to name a person who can produce the petitioner in response to an order of the Court and thereby to secure personal jurisdiction. *See Smith v. Idaho,* 392 F.3d 350, 355 n. 3 (9th Cir.2004).  This Court must ask *sua sponte* whether the respondent who is named has the power to order the petitioner's release.  If not, the Court may not grant effective relief, and thus it should not hear the case unless the petition is amended to name a respondent who can grant the desired relief. *Id.*  However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his institution of confinement. *See In re Morris,* 363 F.3d 891, 893–94 (9th Cir. 2004).

11

**IV.    Amending the Petition**

12
13
14
15
16
17
18
19
20
21
22
23
24

For these reasons, the instant petition must be dismissed.  The Court will grant Petitioner leave to file a first amended petition to cure the deficiencies.  Petitioner is advised that failure to file a petition in compliance with this order (i.e., a completed petition form with the proper defendant and clear information related to whether Petitioner sought review of his habeas petition in the California Supreme Court) within the allotted time will result in dismissal of the petition and termination of the action.  Petitioner is also advised that the amended petition should be entitled, "First Amended Petition," and it must refer to the case number in this action.  Finally, Petitioner is informed that Local Rule 220 provides that unless prior approval to the contrary is obtained from the Court, every pleading as to which an amendment or supplement is permitted shall be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading.

25

**V.    Conclusion and Order**

26

Accordingly, it is **HEREBY ORDERED** that:

27

1.  The petition for writ of habeas corpus is **DISMISSED** with leave to amend;

28

7

2.  Petitioner is **GRANTED THIRTY (30) DAYS** from the date of service of this Order to file an amended petition in compliance with this Order; and

3.  The Clerk of the Court is **DIRECTED** to send Petitioner a form petition pursuant to 28 U.S.C. § 2254.

IT IS SO ORDERED.

Dated:   __June 13, 2014__                     ___/s/ **Sandra M. Snyder**___
                                                              UNITED STATES MAGISTRATE JUDGE

8